# 2000 DTA 136

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL VII DE CAROLINA Y FAJARDO**

ANUBIS DINORAH TORRES
Demandante-Apelada

v.

MICHAEL BRETT SEGER
Demandado-Apelante

Núm. KLAN-99-01152

San Juan, Puerto Rico, a 8 de junio de 2000

Panel integrado por su Presidente, el Juez Miranda de Hostos
y los Jueces Rivera Pérez y Rodríguez García

Rodríguez García, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Mediante el presente recurso, se solicita de esta Curia la revocación de una sentencia parcial emitida por el Tribunal de Primera Instancia, Sala Superior de Fajardo, en 16 de junio de 1999, y archivada en autos copia de su notificación en 29 de septiembre de 1999. En su dictamen, el foro de instancia desestimó la reconvención presentada por Michael Brett Seger por haber presentado su causa de acción, luego de expirado el plazo de caducidad. Inconforme con la anterior decisión, la parte demandada, aquí apelante, Michael Brett Seger, acude ante nos. Resolvemos, por los fundamentos que se exponen a continuación, revocar la sentencia parcial emitida.

### I

Los hechos esenciales para resolver el presente caso son los siguientes:

En 25 de febrero de 1999, Anubis D. Torres (Anubis), por derecho propio y en representación de su hija menor de edad, Paola Mae Seger Torres (Paola), presentó una petición de alimentos en contra de Michael Brett Seger (Michael) en el Tribunal de Primera Instancia. ■ Se anejó, a dicha petición, el certificado de nacimiento de la niña Paola, en el cual configuran como padres de la menor: Anubis y Michael. ■

Se señaló la vista de fijación de pensión alimentaria para el día 23 de marzo de 1999 en el Tribunal de Primera Instancia, Sala Superior de Fajardo. A dicha vista compareció la parte peticionaria, pero no así Michael. Luego que la Examinadora de Pensiones Alimentarias se aseguró que Michael había sido citado mediante correo certificado, ésta le imputó un salario de tres mil dólares ($3,000.00) mensuales para fines de pensión, siendo éste un capitán del ejército. Luego de analizada toda la prueba presentada, recomendó una pensión alimentaria provisional de doscientos cincuenta dólares ($250.00) mensuales a favor de la niña Paola, la cual debería ser depositada en la Administración para el Sustento de Menores por adelantado a partir del 23 de marzo de 1999. Recomendó, además, que la niña sea incluida en el plan médico del padre y se le extienda cualquier otro beneficio que éste posea. En 20 de abril de 1999, el Tribunal de Primera Instancia le impartió su aprobación al informe de la Examinadora de Pensiones Alimentarias y ordenó a las partes a cumplir con lo recomendado, bajo pena de desacato. ■

En 20 de abril de 1999, Michael presentó *"Contestación a Petición Sobre Alimentos"* en la cual negó ser el padre de la niña Paola y, por consiguiente, negó que tuviese la obligación de pasarle pensión alimentaria. En su escrito, presentó, además, una reconvención en la que adujo lo siguiente: (a) que en o alrededor del día 27 de abril de 1998 reconoció a Paola; (b) que realizó dicho reconocimiento porque Anubis y su hermana lo intimidaron a tal grado que entendía que no tenía otro remedio que reconocer a la niña; (c) que dicha intimidación vició su consentimiento; (d) que luego que reconoció a la niña tuvo que salir fuera de Puerto Rico en gestiones de su carrera militar y no pudo presentar antes la presente demanda; y (e) que por este medio impugna el reconocimiento que hizo de la menor porque luego de analizar los hechos esenciales en el presente caso, llegó a la conclusión de que la niña no puede ser su hija. ■

En 27 de abril de 1999, el nuevo representante legal de Anubis presentó *"Moción Asumiendo Representación Legal, Solicitud de Traslado, Réplica a la Reconvención, Solicitud de Desestimación y Señalamiento Para Vista"*. En la misma, el nuevo representante legal de Anubis asumió su representación legal y solicitó el traslado del caso para Vieques. Además, en el escrito se negaron todas las alegaciones enumeradas en la reconvención y se solicitó la desestimación de la misma. Se adujo que Michael reconoció voluntariamente a la niña inscribiéndola en el Registro Demográfico como su hija. Además, que su acción de impugnación de reconocimiento caducó, conforme a los términos dispuestos en el Artículo 117 del Código Civil, 31 L.P.R.A. sec. 465. ■

En 18 de mayo de 1999, Michael presentó *"Moción Solicitando Se Ordene Examen Conocido Por Huella Digital DNA"*. ■ En 20 de mayo de 1999, Anubis se opuso a dicha solicitud. ■

En 16 de junio de 1999, archivándose copia de la notificación en 29 de septiembre de 1999, el Tribunal de Primera Instancia emitió *"Sentencia Parcial Desestimando Reconvención"*. ■ En la misma, el foro recurrido desestimó la reconvención instada por Michael porque la presentó después de expirado el plazo de caducidad; o sea, luego de haber transcurrido los tres (3) meses desde la fecha en que se inscribió el reconocimiento de Paola en el Registro Demográfico. ■

Inconforme con el dictamen, la parte demandada, aquí apelante, Michael Brett Seger, presentó un recurso de apelación ante nos, alegando la comisión de los siguientes errores:

*"PRIMERO: Erró Instancia al imponer una pensión alimentaria contra el apelante sin contar con las pruebas necesarias para determinar la capacidad económica del alimentante.*

*SEGUNDO: Erró Instancia al omitir, denegar, sub silentio, la solicitud para que se realizaran pruebas científicas para determinar la controversia sobre paternidad.*

*TERCERO: Erró Instancia al resolver que la acción negatoria de paternidad había caducado cuando se instó por vía de reconvención."*

## II

Comenzaremos discutiendo el primer señalamiento de error en cuanto a la imposición de la pensión alimentaria. La sección 514 (1) (b), 8 L. P.R.A. §514 (1) (b), establece que la parte promovida será notificada de la presentación de una petición sobre obligación de prestar alimentos a menores mediante una *"notificación-citación"*, la cual se diligenciará, con copia de la petición, por correo certificado con acuse de recibo a su dirección o personalmente mediante el procedimiento de diligenciamiento de emplazamiento. Dicha notificación se debe realizar con cinco (5) días de antelación a la vista. Esta sección no aplica a situaciones donde la determinación de paternidad está en controversia. 8 L.P.R.A. §514(3). Conforme la sección 512(c), 8 L.P.R.A. § 512(c), el examinador puede celebrar vista y recomendar que se dicte orden de pensión alimentaria, aunque el promovido no compareciese, luego de haber sido debidamente notificado.

En su informe, la Examinadora de Pensiones Alimentarias, antes de comenzar la vista, verificó que Michael fue notificado por correo certificado con acuse de recibo. En el momento en que se celebró la vista para imposición de pensión alimentaria, la paternidad de Paola no estaba en controversia. En el caso, se presentó el acta de nacimiento de Paola en el cual configura como su padre, Michael. Este error no se cometió.

Analicemos el señalamiento sobre la impugnación de reconocimiento, tercer error señalado en el recurso.

El Artículo 113 del Código Civil, 31 L.P.R.A. sec. 461, establece que la filiación es legítima; surge del matrimonio, cuando el padre y la madre del niño están casados entre sí. *Tosado v. Tenorio,* ____ D.P.R. ____ (1996), **96 J.T.S. 72**, Op. de 20 de mayo de 1996, a la pág. 1137; *Almodóvar v. Méndez Román,* 125 D.P.R. 218, 235 (1990). Esta presunción conlleva la idea de que el hijo fue concebido durante el matrimonio y por el esposo. *Moreno Alamo v. Moreno Jiménez,* 112 D.P.R. 376, 379 (1982). La presunción de legitimidad que establece el referido Artículo 113 del Código Civil, *supra,* es de carácter *juris tantum,* o sea relativa, que puede ser destruida mediante prueba en contrario. *Moreno Alamo v. Moreno Jiménez, supra,* pág. 380. Por consiguiente, la parte afectada por la presunción puede presentar evidencia para refutar o rebatir el hecho presumido. *Calo Morales v. Cartagena Calo,* 129 D.P.R. 102, 117 (1991). La presunción establecida en este artículo responde a consideraciones de política pública en protección de la institución del matrimonio, la paz familiar y la estabilidad en el status de los hijos. *Calo Morales v. Cartagena Calo, supra,* pág. 117.

A su vez, el Artículo 116 del Código Civil, 31 L.P.R.A. sec. 464, establece que el esposo y sus herederos, en las circunstancias enumeradas en dicho artículo, pueden impugnar la presunción de legitimidad. No obstante, jurisprudencialmente, también se le ha reconocido capacidad para impugnar la presunción de legitimidad al hijo o la esposa en representación del hijo menor de edad y al progenitor o padre biológico. *Calo Morales v. Cartagena Calo, supra,* pág. 118.

El Artículo 117 del Código Civil, *supra*, dispone el término para que el esposo impugne la presunción de legitimidad. Dicho artículo establece un término de tres (3) meses siguientes a la inscripción del nacimiento en el registro, si el esposo está en Puerto Rico. Si el esposo estuviese fuera de Puerto Rico, tiene seis (6) meses, a contarse desde que tuvo conocimiento del nacimiento, para impugnar la legitimidad del hijo. Los plazos dispuestos en el Artículo 117 del Código Civil, *supra*, para instar la acción de impugnación de paternidad legítima son de caducidad. Por ello, la acción debe ejercitarse dentro del término dispuesto por ley o se pierde. *Calo Morales v. Cartagena Calo, supra,* pág. 119. Ello es así debido a que un término de caducidad no puede ser interrumpido. *Calo Morales v. Cartagena Calo, supra,* pág. 123.

De otra parte, son hijos naturales aquellos nacidos fuera del matrimonio, independientemente de si los padres podían o no contraer matrimonio al momento de la concepción del hijo. 31 L.P.R.A. sec. 501. El reconocimiento es el método más importante para determinar la filiación no matrimonial. *Almodóvar v. Méndez Román, supra,* pág. 237. El Artículo 125 del Código Civil, 31 L.P.R.A. sec. 504, dispone que un hijo natural puede ser reconocido, en el acta de nacimiento o en cualquier otro documento público, por el padre o la madre conjuntamente o por uno de ellos. En *Almodóvar v. Méndez Róman, supra,* págs. 249-250, el Tribunal Supremo consignó, refiriéndose a la impugnación de legitimidad y a la impugnación del reconocimiento, lo siguiente:

*"Aun cuando el efecto o consecuencia final es el mismo, esto es, la aniquilación del estado filiatorio, en el caso de la acción de impugnación del reconocimiento, por el contrario, no resulta necesario impugnar la condición de hijo en forma directa. La acción afirmativa del reconocimiento presupone un acto voluntario e informado. Es debido a ello que, como hemos visto anteriormente, se ha aceptado por la doctrina y los tribunales de justicia que ese reconocimiento puede ser impugnado a base de que hubo vicio en el consentimiento prestado por razón de error, violencia o intimidación; esto es, que el mismo se prestó de manera involuntaria o, si voluntariamente, "mal informado". Esa es la razón por la cual, como correctamente nos señala Albaladejo, en una acción de impugnación de reconocimiento "queda por completo al margen la cuestión si el reconocido es o no hijo del reconocedor". Dicho de otra forma, en una acción de impugnación del reconocimiento, lo que se impugna, o se pretende anular, es el acto en sí del reconocimiento. Para ello no es necesario traer prueba que destruya la relación biológica de padre e hijo. Todo lo que se requiere es demostrar que el consentimiento prestado fue uno viciado, por razón de la existencia de violencia, intimidación o error."*

En *Almodóvar v. Méndez Román, supra,* pág. 260, el Tribunal Supremo resolvió que los términos que dispone el Artículo 117 del Código Civil, *supra*, aplican también en las acciones de impugnación de reconocimiento. Un padre que ha reconocido a un niño tiene tres (3) meses a partir de la inscripción del reconocimiento en el registro o desde la fecha del documento público en que se efectúa el reconocimiento para impugnar el mismo.

Si el reconocimiento es producto de violencia o de intimidación, ambas de tal grado que cause una ausencia total del consentimiento, entonces el término de tres (3) meses comienza a transcurrir a partir de la fecha en que cesó la violencia o la intimidación. Si el reconocimiento es debido a error, entonces los tres (3) meses transcurren desde que se realizó el reconocimiento. *Almodóvar v. Méndez Román, supra,* págs. 261-262.

En el presente caso, Michael reconoció voluntariamente a Paola en 13 de mayo de 1998 cuando la inscribió como su hija en el Registro Demográfico. En 22 de abril de 1999, Michael presentó en el Tribunal de Primera Instancia, Sala Superior de Fajardo, una reconvención impugnando el reconocimiento. Alegó en su

reconvención que reconoció a la niña porque fue intimidado por Anubis y una hermana de ésta. Es indispensable que en este caso, el Tribunal de Primera Instancia celebre una vista evidenciaria para que se determine si realmente Michael realizó el reconocimiento de la niña bajo intimidación y si esta intimidación realmente fue de tal grado que vició su consentimiento. Además, una vez se determine que existió vicio en el consentimiento, es necesario presentar prueba para determinar cuándo cesó tal intimidación y de dicha fecha determinar si habían transcurrido los tres (3) meses, conforme lo resolvió el Tribunal Supremo en *Almodóvar v. Méndez Róman, supra.*

Por último, no incidió el foro recurrido en denegar la solicitud de exámenes médicos para determinar la controversia sobre paternidad. Como señalamos anteriormente, en una acción de impugnación de reconocimiento, lo que se impugna es el acto del reconocimiento. Para ello no es necesario presentar prueba que destruya la relación biológica entre el padre y el hijo. Todo lo que se requiere es demostrar que el consentimiento estuvo viciado. *Almodóvar v. Méndez Róman, supra.* Por consiguiente, no procede, en el presente caso, efectuar exámenes médicos para determinar la paternidad.

Por los fundamentos anteriormente expuestos, se revoca la sentencia parcial recurrida y se devuelve el caso al Tribunal de Primera Instancia para que celebre una vista evidenciaria, conforme con lo aquí dispuesto.

Notifíquese por la vía ordinaria.

Así lo acordó y manda el Tribunal y lo certifica la Subsecretaria General.

Gladys E. Ortega Ramírez
Sub-Secretaria General